## POWELL'S HEIRS *v.* HENDRICKS.

To admit proof of the handwriting of a witness to an instrument, it must be shown that the witness is beyond the jurisdiction of the court, or, that he could not be found after diligent search for him had been made; that his absence may be inferred.

The act of 1851, sect. 21, gives to papers properly recorded, the like effect as the originals, but it does not dispense with proof of execution.

The certificate of a tax collector, offered to prove payment of taxes, so as to show that there was no abandonment of the possession of the premises, is not evidence, where the tax collector himself can be called as a witness.

In his absence, his receipt for taxes, with proof of its execution, would be admissible.

APPEAL from the Superior Court of San Francisco.

The complaint stated, that the plaintiffs were minors, under fourteen, who sued by C. R. Bond, their guardian. That on 5th February, 1848, W. J. Powell, their father, was seised and lawfully possessed of the 50 vara lot, No. 102, in the City of San Francisco (describing it), and continued in possession thereof up to the time of his death, which occurred on the 6th February, 1848; and that his heirs continued to hold the possession of said lot, until some time in the month of October, 1850, when they were interrupted in the possession and enjoyment thereof by the defendant; who took possession thereof and held the same, and still holds the same, unlawfully, from the plaintiffs, and refuses to deliver the same, to their damage $1000, and prays judgment. The bill also set out the partition of the estate of W. J. Powell, deceased, which is not material, in the view taken of the case by this court.

The answer of defendant, denies the possession of Powell, the father, and of the plaintiffs, or that they were interrupted in their possession by the defendant, &c.; and answers, that in the month of December, 1849, he entered upon, and became lawfully seised and possessed of a portion of said lot (describing it), and that he does not claim title to any other portion of the premises. That, at the time when he entered upon, and took possession of

the premises, there was no indication of any act of ownership having been exercised over the same; that he entered peaceably and quietly, without molestation or counter claim from any one; that he enclosed, built upon, and otherwise improved the same, and has continued in peaceable possession thereof, down to the present time; and avers, that if Powell ever was in possession of the premises, such possession was abandoned prior to the entry of defendant; and charges that plaintiffs have no right, title, or interest, in the premises, &c., and prays to be dismissed.

In the course of the trial, the plaintiffs offered a paper purporting to be a grant from George Hyde, Alcalde, to W. J. Powell, for lot No. 102, dated 16th December, 1846, which defendant objected to, and it was rejected by the court.

The plaintiffs then gave testimony, showing that the lot was fenced, in 1847, with a redwood fence, and continued in fence till 1849.

The plaintiffs then offered a paper, purporting to be an agreement between Leidersdorf and Powell, and handed the same to the witness, who said: "I know Mr. Buchanan, one of the subscribing witnesses to this instrument. I don't know where he is; he left here some time since. I know nothing about Mr. Poor, the other subscribing witness. I cannot swear that Mr. Buchanan is now absent from this State."

The defendant's counsel objected to the witness proving the signature of Buchanan, as no sufficient foundation had been laid for such proof. The court overruled the objection, and defendant excepted. The witness proceeded: "I recognize the signature of Buchanan to the paper submitted."

The same objection was made to the proof of the other subscribing witness, which was admitted, and excepted to, as above, and the witness proceeded to say, that he knew the other signature to be genuine.

The agreement was then offered, with the certificate of the record of it annexed, and admitted, and exception taken.

Plaintiffs then proved by witnesses, that they had known Mr. Leidersdorf and Dr. Powell; that the lot was fenced in, by Leidersdorf, about 1847; that the fence was taken away in the winter of 1849 and 1850, by people who pitched tents upon the

lot; that the squatters came on the lot about 1849 or 50; that Leidersdorf had said he had fenced the lot, under an agreement with Dr. Powell,—this was proved by one who acted as agent of Powell—(defendant excepted). He (the agent) requested the squatters on the lot in 1850 to pay rent, and stated if they did not they would have to move away; that the property belonged to Dr. Powell. Witness acted as agent eighteen months. The persons on the land all said they would pay rent, except Tyson; if satisfied that the title was in Powell.

The plaintiffs then offered the certificate of the tax collector, to show that plaintiffs had paid taxes on the property down to the present time. Defendant objected, and excepted. Plaintiffs closed, and defendant here asked for a nonsuit, which the court refused.

He then offered evidence, to show that the lot was not fenced in 1849; that it was in a wild state, covered with bushes; that defendant went there in the beginning of 1849,—some stumps of posts were on one side of the lot 102.

The agreement between Powell and Leidersdorf, the proof of which was excepted to as above, is dated 27th February, 1847, and was an agreement on the part of Powell to sell, and convey to Leidersdorf all his right, title, and interest, in one half of lots, No. 99 and 102, on consideration that the said Leidersdorf should enclose the same with a suitable fence, and erect houses thereon according to law.

The jury to whom the case was submitted, found for the plaintiffs, for whom judgment was entered accordingly, and defendant appealed, the court having refused a new trial.

The case, in this court, was decided on the exceptions taken to the evidence.

*Lents*, for appellants.

The agreement between Powell and Leidersdorf, was admitted without due proof of its execution. 1 Greenleaf Eq., sects. 569, 572, 574; Stat. of Cal. 1850, page 250, sect. 10.

The proof of Leidersdorf's declaration was illegally admitted. 1 Greenl. Eq., sect. 124.

The certificate of the tax collector was improperly admitted. 1 Greenl. Eq. 498.

Upon excluding these proofs, there is nothing to sustain the verdict.

*Rhodes*, for respondent.

The agreement with Leidersdorf was properly admitted under the statute, which admits the original after it has been recorded, and the record is made in evidence. Stats. vol. 2, p. 122, sect. 447.

Copies certified from the record shall be received in evidence, with the like effect as the original instrument. Stats. 2d vol. p. 204, sec. 21, and see Stats. vol. 1, p. 81, sec. 39. Act of February 28th, 1850; and vol. 1, p. 218, sect. 1 & 2; Act of April 13th, 1850.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The execution of the agreement between Powell and Leidersdorf was not properly proved. The proper predicate to the truth of the handwriting of a subscribing witness, is to show that the witness is beyond the jurisdiction of the court, or to have the same inferred from failure to find him after diligent inquiry.

The introduction of a copy from the record, in the recorder's office, does not cure this defective evidence.

The Act of 1851, p. 204, sec. 21, cited by the plaintiff's counsel, gives to copies of properly recorded papers "the like effect" as the originals. But it does not make the copy superior to the original, so as to dispense with proof of execution.

The certificate of the tax collector was also improperly admitted.

If the payment of taxes was sought to be proved, in order to show that there was no abandonment of the premises, the evidence of the collector himself would be the best, and in his absence his receipt for the taxes, with proof of its execution, would be admissible.

The declarations of Leidersdorf to Gillespie were likewise inadmissible. For these reasons, the judgment is reversed, and the cause remanded.